Swafford *v.* Dovenor.

***

SAMUEL SWAFFORD, appellant *v.* GEORGE DOVENOR, appellee.

*Appeal from Franklin.*

A bill of exceptions cannot be taken unless the exceptions be made on the trial, and before the jury is discharged; and it lies for receiving improper or rejecting proper testimony, or misdirecting a jury on a point of law.

The matter or decision excepted to, must have arisen during the progress of the cause, and before final judgment.

A bill of exceptions will not lie to the final judgment of a court, where the whole case is submitted to the court for decision, and a jury dispensed with.

THIS cause was tried before the Hon. Thomas C. Browne, at the April term, 1834, of the Franklin Circuit Court.

WALTER B. SCATES, for the appellant.

BAKER, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *debt* upon a note, instituted before a justice of the peace, in which the appellee recovered judgment for $22,50. By appeal it was taken into the Circuit Court, and there tried by the Court without the intervention of a jury, and the judgment of the justice of the peace affirmed. The cause is brought by appeal to this Court. A bill of exceptions was taken to the judgment of the Circuit Court, on the evidence adduced before that Court, and this Court is now called on to say, whether on that evidence, the Circuit Court ought to have given judgment for the plaintiff in the Court below.

It is conceived that an important question of practice is now presented, involving the refusal or sanction of the Court to the mode and time of taking the bill of exceptions in the cause, as also the character and matter therein contained, and by which the future practice in relation to appeals from the decisions of justices of the peace, re-tried in the Circuit Court, is to be settled. Whatever may have been the practice heretofore, in reference to cases of this character, by presumed assent of the parties, because the point has not been heretofore raised, it furnishes no reason or argument if it be intrinsically wrong and improper in itself, for its further continuance. The cases heretofore decided in this

(1) See note to the case of Clark *v.* The People. *Ante* 117.

Court, referred to in support of the practice, and which it is supposed sanction the form of the proceedings, are very far, it is conceived, from so doing. The strongest and most relied on, is the case of Johnson *v.* Achles, decided in June term, 1825.(1) By an examination of that case, it will be perceived, that the only point there decided, was, that a bill of exceptions might be signed at the term to which the cause had been continued, after the hearing and trial, and when judgment was given. As no judgment was given at the term at which the cause was tried, the Court there say, that the party had no knowledge whether a bill of exceptions would be required to be signed, and that they had no opportunity of taking it sooner. It is also said, that the trial of appeals is an anomaly in the law, and the rules of taking bills of exceptions in ordinary trials by jury, cannot apply. It could never have been the intention of the Court in that case, to say, that matter to which a bill of exceptions could not lie, according to the well settled principles of law, might be excepted to because the trial of appeals was an anomaly. It must have been its intention to confine it to the time and manner of taking the bill of exceptions, and not to the matter contained in the bill. The question was not then presented, as it now is, whether a bill of exceptions will lie to the judgment of the Court on the evidence. There is nothing in the case decided, which touches on the present point, and we cannot perceive that the present question can touch that case, or the decision now made in any way conflict therewith. What then is the case now presented, and by what principles and rules should it be governed? To understand those principles and rules, we must enquire in what cases a bill of exceptions lies. "A bill of exceptions cannot be taken unless the exception be made on the trial, and before the jury is discharged; and it lies for receiving improper, or rejecting proper testimony, or misdirecting a jury on a point of law." This is the rule laid down by the Court in the case of Clemson *v.* Kruper.(2) In the case before us, there was no exception for receiving improper testimony, or rejecting proper testimony, and as there was no jury, of course there could be no misdirection of them. The party did not demur to the evidence, and ask the judgment of the Court, whether in law it was sufficient to authorize a recovery; nor can it be assimilated to such a proceeding, because the exception is taken after the final judgment of the Court. The exception goes to the judgment of the Court on the evidence in the cause, and is taken after its final judgment. Can it be that an exception will lie in such a case? The rule is universal, that an exception will only lie in the cases named, and that the matter or decision excepted to, must have arisen during the progress of the cause, and before final judgment. As well

(1) Breese 59.   (2) Breese 162.

might a motion be sustained to arrest a judgment after its final rendition. Although it is true that the Court act in the *quasi* character of a jury, yet as its whole decision on the facts, and the judgment of the law arising on those facts, is given at one and the same time, it seems wholly irregular to admit that because it is so, a bill of exceptions ought to lie.(1) The argument of inconvenience, which it is said will arise from an adherence to the rules regulating the taking of bills of exceptions in such cases, is not really founded in justice, because the party has only to require a jury trial and all difficulty vanishes. If by his own act and consent, he chooses to submit the decision on the facts and the law to the Court, it is an inconvenience of his own selection. During the trial he has a right to object to the admission of improper evidence, and to insist on the admission of proper evidence, or of moving for a non-suit for want of evidence, and if the Court err in such case, he may except to the opinion of the Court, and have the error corrected, if there be one. It is of infinite importance that innovations on the rules of proceedings should not be sanctioned, and that those which are found after long use and practice, to be best adapted to the correct determination of causes, should be adhered to. For these causes we are of opinion that the judge might have refused properly to have signed the bill ; but because he has not done so, it does not necessarily make the matter excepted to proper, nor legalize the manner of doing it.

Suppose, however, the Court should consider the bill of exceptions regularly taken, and should also be of opinion that the judgment of the Court should be reversed ; then it would have also to order a new trial, and make thereby this mode of proceeding virtually an exception for not granting a new trial.

On the evidence contained in the bill of exceptions, there can be no doubt that the judgment of the Court was warranted. On the question of the inadmissibility of bills of exceptions in cases like the present, as well as on the merits of the case, the judgment must be affirmed with costs.

*Judgment affirmed.*

(1) Since the decision of this case, an act has been passed giving the right to except to the final judgment of the Circuit Courts in cases where parties agree that both matters of law and fact may be tried by the Court. Act of July 21, 1837; Gale's Stat. 540.